### N. J. W. WORTHAM v. I. G. BOLTON.

(No. 5514.)

APPEAL from McLennan County. Opinion by WILL-SON, J.

BLAIR & SAMUELS, counsel for appellant.

No counsel appeared for appellee.

§ 312. *New trial; facts stated in motion for, held to show good cause for; case stated.* Appellee sued appellant upon an award for $250. Appellant pleaded that the arbitrators, in making said award, exceeded their authority, etc. Judgment for appellee for amount sued for. When the cause was called for trial, appellant's counsel not being present, he asked the court to postpone the cause until he could get his counsel there, but the court refused his application. In a motion for new trial made by him he states as follows:

"That on the day preceding the first day of the term he had gone to visit his daughter-in-law, eight miles in the country, and while there was taken sick and was unable to return to Waco until late in the evening before

the day for which this cause was set for trial, and there for the first time learned of the setting of the case, and had he known of it he would not have consented to so early a setting, being sick and weak and infirm, being over seventy years of age, and in no condition to try without more time for preparation. Defendant could not find his attorney, Major Pearre, next day. His partner, Mr. Boynton, informed him that the case would not be tried that day, as a case was being tried which had gone over from the day before and would probably last all day, and in addition there were two other cases set ahead of defendant's case, in which the parties had informed him they were ready and would try their cases, and so defendant's case would not come up. He then came direct to the court-room and found the aforesaid case about to be finished, and at once sent a messenger for his attorney, not thinking it safe to leave the court-room in this condition of affairs. The messenger soon returned and informed him that Mr. Boynton was not in his office and he could not find him. Defendant's case at once called and plaintiff announced ready for trial, and defendant applied for a continuance or postponement of the case until he could get his attorney present, and stated the aforesaid facts to the court. His application was overruled and he was forced to trial without the assistance of counsel, and was incompetent to show the merits of his defense, while plaintiff was represented by counsel. It was his intention to call for a jury, but by reason of his unavoidable absence as aforesaid could not do so or inform his attorney of his intention.

"Defendant also made a statement under oath showing that he had a good and meritorious defense, that the arbitration was illegal and invalid, and the arbitrators exceeded their authority and went beyond the terms of the submission."

*Held:* The motion presents "good cause" for a new trial and should have been granted. It was verified by the defendant's affidavit and was not controverted.

It shows that without fault or negligence on his part he was deprived of the assistance of his counsel on the trial, and that because of their absence he was prevented from presenting his defense, and further, that without his fault or negligence he was deprived of a trial by jury.

June 22, 1887.          Reversed and remanded.